FRANK NORTH v. THE STATE.

No. 3050. Decided March 18, 1914.

Rehearing denied April 15, 1914.

**Local Option—Representation by Counsel.**

In the absence of a statement of facts and a showing that defendant used due diligence to procure counsel to represent him, the contention that he was forced to trial without an attorney to represent him presents no error.

Appeal from the County Court of Johnson. Tried below before the Hon. J. B. Haynes.

Appeal from a conviction of a violation of the local option law; penalty, a fine of $65 and sixty days confinement in the county jail.

The opinion states the case.

*Phillips & Rice,* for appellant.

*C. E. Lane,* Assistant Attorney General, for the State.

HARPER, JUDGE.—Appellant was prosecuted and convicted of violating the local option law, and his punishment assessed at a fine of $65 and sixty days imprisonment in the county jail.

The record before us contains neither statement of facts nor any bills of exception. In the motion for a new trial appellant complains that he was forced to trial without an attorney to represent him. The information in this case was filed April 15, 1913. The case was called for trial December 23, 1913, more than six months after his arrest. While the right to be heard by counsel is a valuable right, and one that can not be ruthlessly taken away, yet one charged with crime must use due diligence to procure counsel to represent him. In the absence of a statement of facts no question is presented we can review.

The judgment is affirmed.

*Affirmed.*

[Rehearing denied April 15, 1914.—Reporter.]